UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Continental Petroleum Corporation, Inc.,
and Plastitex, S.A.,

                Plaintiffs,

    v.

                                                      Civil Action No. 11-CV-7801

Corporation Funding Partners, LLC,
Pablo Antoniazzi, Caren Raphael, Joseph
Lau, and Green Pampas, Inc.,

                Defendants.
_____/

**GREEN PAMPAS, INC.'S REPLY IN SUPPORT OF
<u>ITS MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

                                Jorge A. Mestre
                                SDNY Bar No. JM4977
                                Andrés Rivero (admitted *Pro hac vice*)
                                RIVERO MESTRE LLP
                                2525 Ponce de Leon Blvd., Suite 1000
                                Miami, Florida 33134
                                Phone Number: 305-445-2500
                                Fax Number:  305-445-2505
                                Email:  arivero@riveromestre.com

                                Attorneys for Green Pampas, Inc.

## **Table of Contents**

Page(s)

PRELIMINARY STATEMENT ................................................................................................ 1

DISCUSSION................................................................................................................................ 1

    I.    Arbitrators should decide plaintiffs' challenges........................................ 1

    II.    Plaintiffs' unconscionability argument fails.............................................. 3

        A.    The agreement is not substantively unconscionable ...................... 5

        B.    The agreement is not procedurally unconscionable ...................... 6

    III.    The plaintiffs fail to state a RICO Violation (Count Three) ...................... 6

        A.    The plaintiffs fail to allege a RICO enterprise............................... 7

        B.    The plaintiffs fail to allege a pattern of activity............................. 7

        C.    Predicate acts for pattern of racketeering activity.......................... 7

            1.    The plaintiffs do not plead predicate acts of mail fraud and wire fraud with specificity.......................................... 7

    IV.    The plaintiffs fail to plead state law claims (Count Two, Four, and Five)................................................................... 8

        A.    This court should not exercise supplemental jurisdiction over the plaintiffs' state law claims against Green Pampas ........................................................ 8

        B.    The plaintiffs cannot maintain their claim for fraud and fraudulent inducement.............................................. 9

        C.    The plaintiffs cannot maintain their claim for deceptive trade practices under GBL § 349 ............................ 10

        D.    The plaintiffs should not be allowed to replead............................ 10

CONCLUSION ........................................................................................................................... 10

## **Table of Authorities**

**Federal Cases**                                                                                                                              **Page(s)**

*Alabama v. Randolph,*
531 U.S. 79 (2000) .................................................................................................................. 5

*Alliance Bernstein Inv. Research and Management, Inc. v. Schaffran*
445 F.3d 121 (2d Cir. 2006) ................................................................................................... 1

*Boyle v. U.S.,*
--- U.S. ---, 129 S. Ct. 2237 (2009) ....................................................................................... 7

*Brennan v. Bally Total Fitness,*
198 F. Supp. 2d 377 (S.D.N.Y. 2002) .................................................................................... 6

*Brower v. Gateway 2000, Inc.,*
246 A.D. 2d 246, 676 N.Y.S. 2d 569 (1st Dep't 2000) ......................................................... 4

*CompuCredit Corp. v. Greenwood,*
132 S.Ct. 665 (2012) ............................................................................................................... 3

*Cuoco v. Moritsugu,*
222 F.3d 99, 112 (2d Cir.2000) ............................................................................................ 10

*Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,*
191 F. 3d 198 (2d Cir. 1999) .................................................................................................. 5

*Eastern Fish Co. v. South Pacific Shipping Co., Ltd.,*
105 F. Supp. 2d 234 (S.D.N.Y. 2001) ............................................................................. 2, 3

*Elsevier Inc. v. W.H.P.R., Inc.,*
692 F. Supp. 2d 297 (S.D.N.Y. 2010) .................................................................................... 9

*Genesco, Inc. v. T. Kakiuchi & Co.,*
815 F.2d 840 (2d. Cir. 1987) .................................................................................................. 4

*Great Earth Intern. Franchising Corp. v. Milks Development,*
311 F.Supp.2d 419 (S.D.N.Y. 2004) ...................................................................................... 8

*Hamerslough v. Hipple,*
No. 10-Civ-3056, 2010 WL 4537020 (S.D.N.Y. Nov. 4, 2010) ........................................... 5

*Harrington v. Atlantic Sounding Co., Inc.,*
602 F.3d 113 (2d Cir. 2010) ................................................................................................... 4

*JLM Indus. V. Stolt-Nielsen SA,*
387 F.3d 163 (2d Cir. 2004) .................................................................................... 2

*Kerr-McGee Refining Corp. v. M/T Triumph*,
924 F.2d 467 (2d. Cir. 1991) ................................................................................... 2

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007) .................................................................................. 10

*Motorola Credit Corp. v. Uzan,*
388 F.3d 39 (2d Cir. 2004) ...................................................................................... 9

*Ragone v. Atl. Video at Manhattan Center*,
595 F.3d 115 (2d Cir.2010) ..................................................................................... 4

*Rombach v. Chang*,
355 F.3d 164 (2d Cir.2004) ..................................................................................... 8

*Sablosky v. Edward S. Gordon Co.*,
535 N.E.2d 643 (1989) ............................................................................................ 5

*Shaw Group Inc. v. Triplefine Int'l Corp.*,
322 F.3d 115 (2d. Cir. 2003) ................................................................................... 3

*Shearson/American Express, Inc. v. McMahon*,
482 U.S. 220, (1987) ............................................................................................... 2

*Smith Barney Shearson Inc. v. Sacharow*,
689 N.E.2d 884 (N.Y. 1997) ................................................................................... 3

*Wall v. CSX Transp., Inc.,*
471 F.3d 410 (2d Cir. 2006) .................................................................................... 9

**Rules**

Fed. R. Civ. P. 9(b) ........................................................................................... 6, 7, 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 6

Fed. R. Civ. P. 15(a)(2) .......................................................................................... 10

**Statutes**

N.Y. C.P.L.R. 301 (McKinney's 2011) .................................................................... 9

N.Y. C.P.L.R. 302 (McKinney's 2011) .................................................................... 9

N.Y. General Business Law § 349................................................................................... 10

28 U.S.C. § 1367.................................................................................................................. 9

**PRELIMINARY STATEMENT**

Rather than address the deficiencies of their Amended Complaint, plaintiffs try to distract the Court by raising meritless challenges to the arbitration provision of the agreement between Plastitex and Green Pampas. This Court is not required to reach any of plaintiffs' arguments contesting the validity of the arbitration provision, because the parties agreed to arbitrate "all disputes arising out of or in connection with the present contract." (Mestre Decl, Ex. A § 12).

Additionally, plaintiffs' newly raised arguments about the validity of the Agreement and its arbitration clause fail on the merits. The plaintiffs' unconscionability arguments are not consistent with well-settled law and should be rejected because the arbitration provision is not procedurally or substantively unconscionable.

Finally, plaintiffs fail to address or to rebut Green Pampas' compelling demonstration that plaintiffs' RICO claim and various New York state claims are insufficient to survive a motion to dismiss. The plaintiffs' approach—the talismanic repetition of the conclusory statements and allegations of the Amended Complaint—is unavailing. For the reasons discussed here and in Green Pampas' earlier memorandum, this Court should dismiss plaintiffs' claims against Green Pampas.

**DISCUSSION**

**I.      Arbitrators should decide plaintiffs' challenges.**

Where there is clear and unmistakable evidence of the parties' intent to arbitrate, any disputes regarding the agreement should be sent to the arbitrators. *Alliance Bernstein Inv. Research and Management, Inc. v. Schaffran* 445 F.3d 121, 125 (2d Cir. 2006). The broad language of the arbitration clause in the Agreement covers "[a]ll disputes arising out of or in connection with" the Agreement. Thus, this provision covers questions regarding the validity of the arbitration provision itself.

1

In determining whether to send an action to arbitration, a court should consider: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement; (3) whether Congress designated the statutory claims as non-arbitrable; and (4) the need, if any, for adjudication of non-arbitrable claims. *JLM Indus. Inc. v. Stolt-Nielsen SA,* 387 F.3d 163, 169 (2d Cir. 2004).

*Agreement to Arbitrate*

As stated in Green Pampas' moving papers, and conceded in plaintiffs' opposition, the Agreement between Green Pampas and Plastitex contains a broad arbitration clause that covers all disputes arising out of or in connection with the Agreement. (Def. Green Pampas Mot. to Dismiss, dated Jan. 30, 2012 ("Mem.") 6) (Plaintiffs' Response to Def. Green Pampas Inc.'s Mot. to Dismiss, dated Feb. 17, 2012 ("Mem. Opp.") ¶ 3.1.)

*Scope of the Agreement*

Arbitration clauses are to be construed as broadly as possible. "Courts have consistently constructed the 'arising out of or relating to' language in arbitration clauses as all encompassing." *Eastern Fish Co. v. South Pacific Shipping Co., Ltd.,* 105 F. Supp. 2d 234, 237 (S.D.N.Y. 2001)*,* (citation omitted). The Agreement's arbitration clause does not have any limiting language that would preclude consideration of any issues related to the Agreement in arbitration. Thus, the plain language adopted by the parties is clear and unmistakable evidence of their intention to arbitrate *all* disputes related to the Agreement, including, if necessary, the arbitration provision itself.

*Congressional Intent*

It is well-settled that civil RICO claims are subject to arbitration. The Supreme Court held that RICO claims are arbitrable under the Federal Arbitration Act. *Kerr-McGee Refining Corp. v. M/T Triumph*, 924 F.2d 467, 469 (2d. Cir. 1991) citing *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 (1987). Nothing in RICO statute's language or in its legislative history suggests that Congress intended for RICO to fall outside the scope of the Arbitration Act.

2

*CompuCredit Corp. v. Greenwood*, -- U.S. --, 132 S.Ct. 665, 669 (2012) (courts are required to enforce agreements to arbitrate according to their terms even if Federal claims are at issue).

### *Consideration of Non-arbitrable Claims*

There are no non-arbitrable claims in this lawsuit. Plaintiffs' RICO and state law claims arise from the same set of transactions and events and rely on the same alleged facts. Thus, there is no reason to exclude any of them from the required arbitration.

### *Unconscionability*

In their opposition memorandum, plaintiffs suggest that this Court should decide whether the arbitration provision is unconscionable. In light of the arbitration provision's broad language, all questions concerning the Agreement, including whether the arbitration clause is unconscionable, should be sent arbitration. "[A] referral of any and all controversies reflects such a broad grant of powers to arbitrators as to evidence the parties' clear inten[t] to arbitrate issues of arbitrability." *Shaw Group Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d. Cir. 2003). "Arbitration should be ordered 'unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Eastern Fish,* 105 F. Supp. 2d at 237 (S.D.N.Y. 2001) (citation omitted). The plaintiffs have not put forth any other plausible interpretation. The plaintiffs' make-weight unconscionability argument should, itself, be determined by the arbitrators. *See Shaw Group*, 322 F.3d at 121 ("we held that even absent an express contractual commitment of the issue of arbitrability to arbitration, a referral of "any and all" controversies reflects such a "broad grant of power to the arbitrators" as to evidence the parties' clear 'inten[t] to arbitrate issues of arbitrability.'), *see also Smith Barney Shearson Inc. v. Sacharow*, 689 N.E.2d 884 (N.Y. 1997).

## II.     Plaintiffs' unconscionability argument fails

In their opposition, plaintiffs raise, for the first time, questions about the validity of the Agreement, a factual matter never alleged in the amended complaint. (Opp. Mem. ¶ 3.1.) Plaintiffs try to interject as fact something they failed to allege in either of their efforts to state a claim—that there was "a conspiracy that took several steps and culminated in the final contract or sale of Urea." (Opp. Mem. ¶ 3.12.) Plaintiffs also argue that the Agreement, and, in particular, the arbitration provision, is procedurally and substantively unconscionable. (Opp. Mem. ¶¶ 3.4, 3.6.)

Generally, parties are bound by the provisions of a signed contract unless a party "can show special circumstances that would relieve him of such an obligation." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845-46 (2d. Cir. 1987). A party to an arbitration agreement seeking to avoid arbitration bears the burden of proving that the agreement is invalid and inapplicable. *Harrington v. Atlantic Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010). The plaintiffs cannot sustain this burden, and they have not alleged any special circumstances that warrant voiding the Agreement or its arbitration clause.

Whether a contract provision is unconscionable is governed by state law. Under New York or Florida law, ordinarily both procedural and substantive unconscionability must be established to support a finding that a contract provision is unenforceable, although in limited circumstances substantive unconscionability alone is sufficient.[1] *See Ragone v. Atl. Video at Manhattan Center*, 595 F.3d 115, 121 (2d Cir.2010); *Brower v. Gateway 2000, Inc.*, 246 A.D.2d 246, 676 N.Y.S.2d 569 (1st Dep't.2000). "[A] contract is unconscionable when it is 'so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms.'" *Ragone*, 595 F.3d at 121.

Plainly, arbitration clauses in of themselves are not grossly unreasonable; they are, instead,

---

[1] As plaintiffs note in their memorandum, the Agreement is governed by Florida law, which is similar to New York law regarding the unconscionability of an agreement. (Opp. Mem. ¶ 3.4.)

4

a favored form of alternative dispute resolution. There is no inherent unfairness or unconscionability in an arbitration clause if both parties are bound by it and know of its existence. *See, e.g., Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 207 (2d Cir.1999). Plaintiffs have not alleged, nor can they, that they were unaware of the arbitration clause in the Agreement, and they make no showing of it gross unreasonableness. Therefore, the arbitration clause in the Agreement is neither procedurally or substantive unconscionable.

### A. *The Agreement is not substantively unconscionable.*

For substantive unconscionability, the inquiry focuses on "whether one or more key terms are unreasonably favorable to one party." *Sablosky v. Edward S. Gordon Co.*, 535 N.E.2d 643 (1989). Nothing in the arbitration clause is unreasonably favorable to one party over the other.

While plaintiffs complain that the Agreement into which they entered calls for a "far flung forum" for arbitration as evidence of its substantive unconscionability, they cite no authority for this position. In fact, plaintiffs' argument that the location provided for in the arbitration clause evidences an "attempt to make [a]rbitration more expensive than litigation" (Opp. Mem. ¶ 3.6.), is contrary to established legal authority. In making this baseless assertion that arbitration would be cost prohibitive, plaintiffs ignore precedent: "A party seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs" *Green Tree Financial Corp. – Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000). Courts "generally undertake a 'case-by-case analysis' focusing on the 'claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether the cost differential is so substantial as to deter the bringing of claims.'" *Hamerslough v. Hipple*, No. 10-Civ-3056, 2010 WL 4537020, at *3 (S.D.N.Y. Nov. 4, 2010). The plaintiffs have addressed none of these factors in arguing that the location selected in the arbitration clause is inherently unfair to them, and they

5

cannot meet their burden to establish unfairness. And, of course, if plaintiffs had an issue with the forum, they could have negotiated a different location before the Agreement was signed.

### B. *The Agreement is not procedurally unconscionable.*

The test for procedural unconscionability is:

> [W]hether, in light of all the facts and circumstances, a party lacked a meaningful choice in deciding whether to sign the contract ... To determine whether a contract was validly formed, a court should focus on evidence of high pressure or deceptive tactics, the use of fine print in the contract, and any disparity in experience and education, *i.e.* bargaining power, between the parties.

*Brennan v. Bally Total Fitness,* 198 F.Supp.2d 377, 382 (S.D.N.Y. 2002). The plaintiffs have not identified any deceptive contract language or any high pressure tactics. Nor have they identified any inequality of bargaining power. They cannot plausibly claim that the Agreement or arbitration provision is procedurally unconscionable when the provision was plainly visible, and there was no coercion to sign the Agreement. Plaintiffs could have opted not to sign the Agreement or tried to negotiate different terms. While plaintiffs now assert that deceptive practices were used to secure their Agreement (Opp. Mem. ¶¶ 3.9-3.12.), they made no such allegation in the Amended Complaint, and there is no evidence at all to support their belated effort to inject such facts by way of a response to a motion to dismiss.

### III. Plaintiffs fail to state a RICO violation (Count Three)

As addressed in detail in the motion to dismiss, plaintiffs' allegations do not meet the pleading requirements of Rules 9(b) and 12(b)(6). (Mem. 7-16); *see also* Corporate Funding Partners' opening memorandum (CFP Mem. 10-20.) Plaintiffs do not dispute the elements necessary to plead a RICO claim or the heightened pleading standard of Rule 9(b): they simply choose not to address any of Green Pampas' arguments about their deficient allegations. Rather, plaintiffs merely repeat allegations found in the Amended Complaint and the documents attached

6

to it. (Opp. Mem. ¶¶ 5.1-5.7.) Plaintiffs fail to deal with the defects in their RICO claim because those defects cannot be repaired.

### A. *The plaintiffs fail to allege a RICO enterprise.*

Plaintiffs fail to establish the existence of an association-in-fact enterprise. (Mem. 8-9.) In their opposition memorandum, plaintiffs simply repeat the inadequate and confusing allegations of the Amended Complaint. (Am. Compl. ¶¶ 17.2) (Opp. Mem. ¶ 5.4.) Plaintiffs go through the motion of labeling a section of their complaint to appear as if they have satisfied *Boyle*'s definition of an association-in-fact. However, even a cursory review of the allegations reveals that plaintiffs have not pleaded sufficient facts with the specificity required to survive the motion to dismiss.

### B. *The plaintiffs fail to allege a pattern of activity.*

Plaintiffs fail to allege continuity with sufficient specificity to survive a motion to dismiss. (Mem. 10-12.) Other than references to a few unhelpful paragraphs in the Amended Complaint, plaintiffs' opposition fails to address Green Pampas' argument that the Amended Complaint does not establish closed-ended continuity or open-ended continuity. (Mem. 10-12.) (Opp. Mem. ¶ 5.5.)

### C. *Predicate acts for a pattern of racketeering activity.*

Plaintiffs fail to allege "racketeering activity"—*i.e.*, a pattern of predicate state or federal criminal acts. The plaintiffs' RICO claim fails because they have not alleged the elements of any of these underlying criminal claims with the particularity required under Rule 9(b).

#### 1. **The plaintiffs do not plead the predicate acts of mail fraud and wire fraud with specificity.**

To support their RICO claim, plaintiffs rely on the predicate acts of mail or wire fraud, both of which must be pleaded with specificity under Rule 9(b).[2] (Opp. Mem. ¶ 5.6.) Plaintiffs

---

[2] The plaintiffs do not respond to Green Pampas' challenges to their bank fraud and illegal-transmission-of-money claims. (Mem. 14-15.) Because the Plaintiffs do not state a bank fraud or illegal-transmission-of-money claim, those claims cannot serve as predicate acts for the RICO claim. (*Id.*)

7

have utterly failed to do so (Mem. 15-16.), and they do not bother to address Green Pampas' arguments in this regard. Instead, plaintiffs claim that they have alleged properly mail and wire fraud, repeat some of the allegations from their Amended Complaint in their opposition, and refer the Court generally to the Amended Complaint. (Opp. Mem. ¶ 5.6.)

To meet the 9(b) specificity requirement, plaintiffs must do more than rest on an assertion that these statements are fraudulent; they must explain why. *Rombach v. Chang*, 355 F.3d 164, 175 (2d Cir.2004). Otherwise, plaintiffs have failed to plead with the requisite particularity. *Id.*

Plaintiffs point to a bunch of business documents that were exchanged between the parties as evidence of mail fraud and wire fraud. The alleged facts and documents on which plaintiffs rely demonstrate that Green Pampas used the mails and wires to transact its business. Alleged misrepresentations, if any, relating to a contract do not rise to the level of a fraud claim unless they concern a matter that is "collateral or extraneous" to the contract. *Great Earth Intern. Franchising Corp. v. Milks Development*, 311 F.Supp.2d 419, 427 (S.D.N.Y. 2004). Plaintiffs make no effort to establish the collateral or extraneous nature of any representation. Because the Amended Complaint lacks any specificity about Green Pampas' alleged criminal acts, this Court ought to dismiss plaintiffs' claim.

### IV. The plaintiffs fail to plead state law claims (Counts Two, Four, and Five).

This Court should either decline to exercise supplemental jurisdiction over the state claims since plaintiffs' RICO claims should be dismissed, or dismiss them as defective.

#### A. This Court should not exercise supplemental jurisdiction over plaintiffs' state law claims against Green Pampas

Assuming that the RICO claims against the Defendants are dismissed, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. (Mem. 17.) In their response, plaintiffs mention nationwide RICO jurisdiction under § 1965(b) only. (Opp. Mem. ¶ 4.0.) Thus, plaintiffs concede by their silence that there is no basis for exercising personal

8

jurisdiction of Green Pampas under New York's Long-Arm Statute, §§ 301 and 302, or supplemental jurisdiction under U.S.C. § 1367. (Mem. 16-20.)

The only way this Court can exercise jurisdiction over Green Pampas is pursuant to RICO. (Mem. 17.) As plaintiffs point out, "[a]bsent the RICO provisions this matter would be parceled out and not heard in one forum." (Opp. Mem. ¶ 4.1.) When federal claims are dismissed before trial, then the court has discretion to dismiss the ancillary state claims as well. 28 U.S.C. § 1367(c)(3); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004); *see Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 315 (S.D.N.Y. 2010). Where the dismissal of the federal claim comes before the court or the parties have made significant investment of time and effort in litigation of the remaining state law claims, dismissal of the state law claims does not waste judicial or party resources. This case is in the earliest stages. The parties have only briefed motions to dismiss. No discovery has been taken. No answer has yet been made. The parties have expended thus far expended the minimum in resources and effort. (Mem. 17.) Accordingly, this Court should decline supplemental jurisdiction over the remaining state law claims.

          **B.**      **The plaintiffs cannot maintain their claims for fraud and fraudulent inducement.**

To sustain a fraud claim, plaintiffs must allege that (1) defendant made a material false representation, (2) intending to deceive plaintiff thereby, (3) the plaintiff reasonably relied on the representation, and (4) plaintiff suffered damage as a result. *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415-16 (2d Cir. 2006). (Mem. 23.) Here, there is no separate duty between the parties other than the duty to perform under the contract. In their memorandum, plaintiffs fail to discuss Green Pampas' arguments about the insufficiency of their fraud or fraudulent inducement claim. (Mem. 22.) The Amended Complaint does not contain the pleading elements necessary to establish a claim for fraud or fraudulent inducement. Accordingly, this claim should be dismissed.

9

### C. The plaintiffs cannot maintain their claim for deceptive trade practices under GBL § 349.

Notably, plaintiffs ignore Green Pampas' arguments regarding the multiple deficiencies in their § 349 claims. (Mem. 24) This is likely because their Amended Complaint does not nearly contain the pleading elements necessary to establish a claim for deceptive trade practices under GBL § 349, and because they cannot possibly address the fact that the statute is intended to protect consumers, rather than cover commercial transactions between corporate entities. Accordingly, this claim should be dismissed.

### D. The plaintiffs should not be allowed to replead.

If the motion to dismiss is granted, then plaintiffs' request for another bite at the apple to amend their first Amended Complaint should be denied. While litigants generally are granted leave to amend when justice requires, leave to amend is not automatic and it is "within the sound discretion of the district court to grant or deny leave to amend." Fed. R. Civ. P. 15(a)(2); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, plaintiffs filed an Amended Complaint after having been put on notice of the deficiencies in the original complaint by Green Pampas' first motion to dismiss. Apparently, believing that the allegations of the Amended Complaint were sufficient, plaintiffs failed to address most of the deficiencies raised by Green Pampas. Plaintiffs should not be given another chance to try to convert an alleged breach of contract claim into a federal RICO claim. They have shown themselves unwilling or unable to come up with allegations that would cure the deficient pleading. Thus, granting leave to plaintiffs to replead would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000).

### CONCLUSION

Green Pampas respectfully requests that this Court grant its motion to dismiss the Amended Complaint with prejudice.

Date: February 24, 2012                            Respectfully Submitted,

/s/ Andrés Rivero
Andrés Rivero (admitted *Pro hac vice*)
Jorge Mestre
SDNY Bar No. JM4977
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Phone Number: 305-445-2500
Fax Number:  305-445-2505
Email:  arivero@riveromestre.com

Attorneys for Green Pampas, Inc.

## **CERTIFICATE OF SERVICE**

      I certify that on February 24, 2012, this reply was served by CM/ECF to the counsel of record in this action.

                                                                             /s/ Andrés Rivero
                                                                             Andrés Rivero

Case 1:11-cv-07801-PAE   Document 37   Filed 02/24/12   Page 17 of 17