UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Continental Petroleum Corporation, Inc.,
and Plastitex, S.A.,

                Plaintiffs,

v.

                                                              Civil Action No. 11-CV-7801

Corporation Funding Partners, LLC,
Pablo Antoniazzi, Caren Raphael, Joseph
Lau, and Green Pampas, Inc.,

                Defendants.
_____/

**GREEN PAMPAS, INC.'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO RECONSIDER OR TO AMEND COMPLAINT**

Jorge A. Mestre
SDNY Bar No. JM4977
Andrés Rivero (admitted *Pro hac vice*)
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Phone Number: 305-445-2500
Fax Number:  305-445-2505
Email:  arivero@riveromestre.com

Attorneys for Green Pampas, Inc.

## **Table of Contents**

Page(s)

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

DISCUSSION ............................................................................................................................... 3

    I.      Plaintiffs have Failed to Set Forth
Any Proper Basis for the Extraordinary
Remedy of Reconsideration ....................................................................................... 3

    II.     A Review of the Reconsideration Motion
on its Merits Would Not Alter the Court's Decision ................................................. 5

    III.    Allowing Plaintiffs to Amend the Amended
Complaint Would be Futile ....................................................................................... 6

CONCLUSION ............................................................................................................................ 8

## Table of Authorities

**Federal Cases**                                                                                                                   **Page(s)**

*Anemone v. Metro. Transp. Auth.,*
419 F.Supp. 2d 602 (S.D.N.Y. 2006) .................................................................................. 4

*Bursch v. Pioneer Credit Recovery,*
551 F.3d 122 (2d Cir. 2008) ................................................................................................ 7

*Cuoco v. Moritsugu,*
222 F.3d 99 (2d Cir. 2000) .................................................................................................. 7

*Davidson v. Scully,*
172 F. Supp 2d 458 (S.D.N.Y.2001) ................................................................................... 5

*De Oliveira v. Bessemer Trust Co.,*
No. 09-cv-0713, 2010 WL 2541230 (S.D.N.Y. June 14, 2010) ......................................... 3

*Devlin v. Transp. Commc'n Int'l Union,*
175 F.3d 121 (2d Cir. 1999) ................................................................................................ 3

*In re Merrill Lynch,*
7 F. Supp. 2d 256 (S.D.N.Y. 1997) ..................................................................................... 7

*In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.,*
No. 06-cv-643, 2008 WL 4962985 (S.D.N.Y. Nov. 20, 2008) .......................................... 7

*Parrish v. Sollecito,*
253 F. Supp. 2d 713 (S.D.N.Y. 2003) ................................................................................. 5

*Shrader v. CSX Transp., Inc.*
70 F.3d 255 (2d Cir. 1995) ............................................................................................. 3, 5

*Siino v. Bd of Trs. of N.Y City Teachers' Ret. Sys.,*
No. 08-cv-4529, 2009 WL 734076 (S.D.N.Y. Mar. 13, 2009) .......................................... 4

*U.S. v. Plugh,*
648 F.3d 118 (2d Cir. 2011) ................................................................................................ 4

*U.S. v. Treacy,*
No. 08-cr-366, 2009, WL 47496 (S.D.N.Y. Jan. 8, 2009) ................................................. 3

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2

**PRELIMINARY STATEMENT**

Plaintiffs' motion for reconsideration is a last-ditch effort to revive claims against Green Pampas by rehashing arguments that this Court already considered and rejected in its 23-page order of to dismissal. In its order, this Court identified several independent dispositive grounds for dismissing the claims against Green Pampas. Not withstanding, plaintiffs seek another bite of the apple but, in doing so, fail to identify any legitimate basis for reconsideration.

Plaintiffs' motion should be denied for two reasons. **First**, plaintiffs wholly fail to meet the legal standard for reconsideration. **Second**, even if the Court were to review the motion's merits, plaintiffs raise no arguments warranting the Court's reaching a different outcome. Furthermore, plaintiffs seek leave to amend as an alternative remedy, but their amended complaint is irreparably defective.  For these reasons, as well as those raised in Green Pampas' earlier memoranda (incorporated by reference here), this Court should dismiss plaintiffs' motion in its entirety.

**BACKGROUND AND PROCEDURAL HISTORY**

*The Complaints and Motions to Dismiss*

Plaintiffs filed their initial complaint on November 1, 2011, and after receiving Green Pampas' initial motion to dismiss, Plaintiffs filed an amended complaint (the "Amended Complaint") on January 16, 2012.  In both Complaints, plaintiffs alleged the following against Green Pampas: count 1(a), breach of contract (Am. Compl. ¶¶5.0-5.2); count 2(a), fraud (*Id*. ¶¶ 7.1-7.4); count 3, violation of the federal RICO statute (*Id.* ¶¶ 9.0-9.15); deceptive trade practices in violation of General Business Law §349(a) (count 4) (*Id.* ¶¶ 10.1-10.5); and fraudulent inducement (count 5). (*Id.* ¶¶ 11.1-11.5.)

Green Pampas sought the dismissal of the claims in the Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) on various grounds. First, plaintiffs failed to state a viable RICO claim. Second, the Court lacked personal jurisdiction over Green Pampas and, without the jurisdiction conferred by the RICO statute, this Court would not have supplemental jurisdiction over plaintiffs' state claims that plaintiffs failed to plead with the requisite specificity. Finally, the arbitration clause in the Green Pampas and Plastitex, S.A. agreement mandated that all disputes between the parties be handled in arbitration.

*The Court's April 11, 2012 Decision*

On April 11, 2012, the Court issued its Opinion and Order granting Green Pampas' motion to dismiss (the "Order"). The Court concluded that plaintiffs' Amended Complaint failed to allege facts necessary to support a RICO claim. First, plaintiffs failed to plead the requisite elements for a RICO claim. Not only did plaintiffs fail to satisfy the pleading standards for an association-in-fact, but also plaintiffs failed to plead the necessary enterprise element. (Op. 11). Second, the Court found that plaintiffs failed to plead adequately a pattern of racketeering activity (Op. 12), and alleged neither open-ended nor closed-ended continuity. (Op. 13). Third, the Court determined that plaintiffs failed to allege the predicate acts with the requisite specificity. (Op. 14). Further, the allegations in the Amended Complaint were not sufficient to establish a RICO conspiracy claim. (Op. 15).

In light of RICO claims' failures, the Court found that personal jurisdiction over Green Pampas was lacking and dismissed all remaining claims against it.[1] (Op. 16) In addition, the Court considered Green Pampas' arguments regarding the arbitration provision in Green Pampas and Plastitex, S.A.'s agreement and noted that, even if the Court had jurisdiction over Green

---

[1] For the same reasons, the Court also dismissed all claims against Pablo Antoniazzi. (Op. 16 n.4)

Pampas, the binding arbitration provision would warrant independently the dismissal of plaintiffs' claims as to Green Pampas. (Op.16 n. 5).

On April 27, 2012, plaintiffs filed their motion seeking reconsideration of the Court's dismissal of their claims against the defendants. Plaintiffs filed a supplement to their motion on April 30, 2012.

## DISCUSSION

### I. Plaintiffs Have Failed to Set Forth Any Proper Basis for the Extraordinary Remedy of Reconsideration.

This court has strict standards for granting a motion for reconsideration. "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *De Oliveira v. Bessemer Trust Co.,* No. 09-cv-0713, 2010 WL 2541230 (S.D.N.Y. June 14, 2010). Motions for reconsideration should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *United States v. Treacy,* No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009). A motion for reconsideration should not be granted when the moving party merely seeks to re-litigate issues already decided. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Ultimately, the decision whether to grant or to deny a motion for reconsideration is in the sound discretion of the court. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 131–32 (2d Cir.1999).

Local Civil Rule 6.3 governs motions for reconsideration. A party seeking reconsideration must submit a motion "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local R. 6.3. A motion for reconsideration may be granted on the following grounds: (1) an intervening change in the law; (2) the availability of evidence not available previously; (3) the need to correct a clear error of

3

law or prevent manifest injustice. *United States v. Plugh*, 648 F.3d 118, 123–24 (2d Cir. 2011). Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters in other words, that might reasonably be expected to alter the conclusion reached by the court." *Siino v. Bd. of Trs. of N.Y. City Teachers' Ret. Sys.*, No. 08 Civ. 4529, 2009 WL 734076, at *1 (S.D.N.Y. Mar. 13, 2009), aff'd, 374 Fed.Appx. 221 (2d Cir. 2010).

In their motion, plaintiffs fail to point to any intervening change in controlling law. In fact, plaintiffs fail to cite to *any* law to support their motion for reconsideration. Where plaintiffs fail to identify any controlling decisions overlooked by the court that would have altered the prior conclusion, the motion for reconsideration should be denied. *Anemone v. Metro. Transp. Auth.*, 419 F. Supp. 2d 602, 603 (S.D.N.Y. 2006).

Plaintiffs likewise fail to identify any facts that the Court has overlooked or to present any new evidence. Instead, plaintiffs essentially argue that the Court made the wrong decision and attempt to re-litigate the issues based on the same facts. This is both improper and insufficient. As the Court noted in its opinion, in deciding a 12(b)(6) motion "the Court takes all facts pleaded in the Amended Complaint as accurate." (Op. 2 n.1). In their motion for reconsideration, plaintiffs claim that "it was the writing style or presentation of the material…which [] led to the dismissal of the RICO causes of action" and that "[defendants] can be shown on the face of the complaint to have committed fraud." (Pl. Mot. ¶ 1.0). Ignoring the reasoning for the Court's decision, plaintiffs challenge the Court's decision by repeating the same conclusory allegations that were in the original complaint, the Amended Complaint, and its opposition to Green Pampas' motion to dismiss, all of which were considered by the Court and rejected.

4

In an attempt to bolster their motion, Plaintiffs attach the findings from a proceeding in the Supreme Court of Florida involving the conduct of one of Mr. Antoniazzi's attorneys in a matter unrelated to the transactions that are the subject of this lawsuit. (Pl. Mot., Ex. A) First, the subject of that other proceeding has no bearing on plaintiffs' failure to state cognizable claims here. Second, these purported "facts" are not new, dating back to June 2008 (Ex. A, p. 18). As they are not newly discovered, and were not before the Court previously, they should not be considered. It is black-letter law that a motion for reconsideration cannot be used to advance known or knowable facts not before the court previously. *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y.2001) *citing Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Therefore, this information should have no bearing on the Court's decision.

Finally, a motion for reconsideration should be used "to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). The Court did not commit a clear error by dismissing plaintiffs' claims against Green Pampas. Plaintiffs have not neither demonstrated, nor does the record reveal, any "clear error" or "manifest injustice" that would warrant reconsideration of the Court's Order.

## II. A Review of the Reconsideration Motion on its Merits Would Not Alter the Court's Decision.

Even if plaintiffs had met the standard for required for reconsideration, their motion still should be denied on the merits. As the Court described in painstaking detail, plaintiffs fail to state a claim a RICO claim. (Op. 14). Plaintiffs provide no information in the motion for reconsideration that would alter the Court's conclusions based on careful consideration of the facts set for in the Amended Complaint. Plaintiffs' RICO claims are still deficient: the Amended Complaint fails to plead adequately the essential enterprise element of plaintiff's RICO claim

5

(Op. 12); plaintiffs failed to allege open-ended or close-ended continuity, and thus, did not satisfy the pattern element of the RICO claim (Op. 13-14); and the predicate acts on which the RICO claim was based were not pleaded adequately. (Op. 13). Throughout the motion for reconsideration, plaintiffs refer the Court to "facts" in the Amended Complaint – the same pleading that the Court found to be inadequate. Plaintiffs offer no basis for the Court to reverse itself.  Without the RICO claim, there is no basis for personal jurisdiction over Green Pampas, and the case was properly dismissed. (Op. 7, 16).

Furthermore, as this Court noted, even if the Court had jurisdiction over Green Pampas, the binding arbitration provision in Plastitex and Green Pampas agreement would warrant independently the dismissal of claims against Green Pampas:

> [T]he instant dispute clearly falls within the scope of the parties' arbitration agreement. …Therefore, even if the RICO claim were sustainable and personal jurisdiction therefore existed over Green Pampas, Plastitex's claims against Green Pampas would likely be dismissed in favor of binding arbitration.

(Opinion 16, n. 5). In their motion, plaintiffs utterly fail to address the Court's findings regarding the arbitration provision.

### III.     Allowing Plaintiffs to Amend the Amended Complaint Would Be Futile.

Plaintiffs' request for another bite at the apple to amend their first Amended Complaint should be denied.  Although plaintiffs titled their motion "Plaintiff's Motion to Reconsider Granting Partial Dismissal or in the Alternative Motion to Amend the Complaint", plaintiffs present no basis for amending the Amended Complaint and there is no basis.

Plaintiffs are not entitled to file an amended complaint each time new pleading flaws are uncovered:

> [P]leading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable

complaint emerges. Rather, plaintiffs have the responsibility to plead their case adequately, without defendants' or the Court's assistance.

*In re Merrill Lynch*, 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997); *also In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig*, No. 06 Civ. 643(GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov.20, 2008). Further, "motions to amend should generally be denied in instances of futility." *Burch v. Pioneer Credit Recovery,* 551 F.3d 122, 126 (2d Cir. 2008); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, plaintiffs already have filed two complaints. After Green Pampas put plaintiffs on notice regarding the deficiencies of their original complaint, plaintiffs filed the Amended Complaint which failed to address most of the deficiencies. Then, in its opposition to Green Pampas' second motion to dismiss, plaintiffs again did not address many of the deficiencies raised by Green Pampas. Instead, as they do in their motion for reconsideration, plaintiffs relied on the allegations of their Amended Complaint. Now, after this Court has dismissed their Amended Complaint, plaintiffs want yet another opportunity to amend.

Plaintiffs should not be given another chance to try to convert an alleged breach of contract claim into a federal RICO claim. Despite having multiple opportunities and plenty of incentive to do so, plaintiffs have shown themselves unwilling or unable to come up with allegations that would cure their deficient pleading. Granting leave to plaintiffs to amend would be futile, and plaintiffs' request to amend should be denied.

7

**CONCLUSION**

For these reasons, Green Pampas respectfully requests that this Court deny plaintiffs' motion in its entirety.

Date: May 11, 2012

Respectfully Submitted,

/s/ Andrés Rivero
Andrés Rivero (admitted *Pro hac vice*)
Jorge Mestre
SDNY Bar No. JM4977
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Phone Number: 305-445-2500
Fax Number:  305-445-2505
Email:  arivero@riveromestre.com

Attorneys for Green Pampas, Inc.

**CERTIFICATE OF SERVICE**

  I certify that on May 11, 2012, this opposition was served by CM/ECF to the counsel of record in this action.

                /s/ Andrés Rivero
                Andrés Rivero

9